## PALCHESKI v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department.  March 7, 1902.)

EMPLOYES—PERSONAL INJURIES—EVIDENCE—DISMISSAL OF COMPLAINT.

Plaintiff's intestate was a man of allwork in defendant's power house. He was called one day to take the place of another employé in operating a coal conveyor or filler, and, after working there for 8 or 10 hours, was caught in the endless chain of the conveyor, and drawn under a filler, receiving injuries resulting in his death. There was no evidence as to how the accident happened, nor what caused it. The case was equally devoid of evidence of lack of contributory negligence. *Held* not error to dismiss the complaint.

Appeal from trial term, Kings county.

Action by Catharine Palcheski, as administratrix of Joseph Palcheski, deceased, against the Brooklyn Heights Railroad Company. Judgment dismissing complaint, and plaintiff appeals.  Modified.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

James C. VanSiclen, for appellant.
I. R. Oeland, for respondent.

WOODWARD, J.  This action was brought under the provisions of section 1902 of the Code of Civil Procedure to recover damages for the alleged killing of plaintiff's intestate.  The complaint was dismissed, on motion of the defendant, at the close of plaintiff's evidence, on the grounds that no negligence was proven on the part of the defendant, and that there was no evidence of freedom from contributory negligence on the part of plaintiff's intestate.  Under these circumstances, the plaintiff is entitled to the most favorable construction which might be put upon the evidence by a jury, but, even in this light, we find no ground for reversal of the judgment.  The evidence establishes that the plaintiff's intestate had been employed as a man of allwork about the power house of the defendant for a period of several months; that on the 14th day of March, 1898, he was called upon to take the place of one Samuel Drake, who had been employed for several years in operating, or in assisting to operate, a coal conveyor or filler; and that on the 15th day of March, after having filled this position for 8 or 10 hours, he was caught in the endless chain of the conveyor, and drawn under a filler, receiving the injuries which resulted in his death.  No one saw the accident, and there is an absolute absence of evidence as to the manner in which the deceased met with the casualty.  There was some evidence that the endless chain, which carried a number of buckets, used to elevate the coal which was dropped into them from a filler as the buckets came along, had been deprived of two of its buckets, and that where the chain came up through the floor there was a larger space between the floor and the chain than would be there if the buckets were in place, but there is no evidence that this was the proximate, or even the remote, cause of the accident; and the same may be said of the evidence that the hole, some 20 or more inches square, was unguarded.  It is not enough to show that an employer has neglected

to do something which he ought as a prudent man to do. It must be shown that the injury resulted from the neglect of a duty which he owed to the plaintiff's intestate, and, in the absence of such evidence, the plaintiff has failed to prove her cause of action.

The case is equally devoid of evidence of lack of contributory negligence. While the courts of this state are disposed to accept very slight evidence, where the injuries have resulted in death and the circumstances are such that direct evidence is impossible, we know of no instance in which a recovery has been permitted where there were no facts or circumstances from which a jury might reasonably draw the inference that the deceased had exercised reasonable care. All that is known in this case, so far as the evidence discloses, is that plaintiff's intestate was killed about 11 o'clock in the forenoon of March 15, 1898, while engaged in filling the position made temporarily vacant by the illness of Mr. Drake. There is no evidence that the deceased was not familiar with the place and with the work; no evidence that he was not instructed in his duties, and warned of the danger to be anticipated; and, in fact, no ground on which the defendant may be held to be liable for the injuries sustained by plaintiff's intestate. We think, however, that this was not intended by the learned court at trial term to be a dismissal "on the merits," as stated in the judgment, and that the judgment should be modified by striking out those words, and as modified affirmed.

Judgment modified, and as modified affirmed, without costs. All concur.